IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| ERNEST WYNKOOP, | ) | |
| | ) | |
| Plaintiff | ) | Civil Action No. 5:20-cv-4 |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | By: Michael F. Urbanski |
| et al., | ) | Chief United States District Judge |
| Defendants | ) | |

## MEMORANDUM OPINION

Pending in this case is defendant the United States of America's ("the government") motion to dismiss this lawsuit. ECF No. 11. The issues have been briefed and a hearing was held in this matter on November 24, 2020. As set forth below, the court **GRANTS** the government's motion to dismiss this case.

## BACKGROUND

On January 10, 2017, plaintiff Ernest Wynkoop was touring a property that was for sale when he fell through a stair that collapsed. He suffered a tear to his right rotator cuff which has required two surgeries, and suffered right shoulder pain, right knee pain, and a sprain of the lateral ligament of his right knee. ECF No. 19 at 15. The property, located at 1875 River Road in Elkton, Virginia, was owned and being sold by the United States Department of Housing and Urban Development (HUD).[1] On January 22, 2020, Wynkoop filed this lawsuit against HUD, alleging negligence in maintaining the property.

---

[1] In an action brought under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671 et seq. (FTCA), the United States is the proper party defendant. Iodice v. United States, 289 F.3d 270, 273 n. 1 (4th Cir. 2002). Although Wynkoop did not cite the FTCA in his complaint, he does not contest the government's characterization of his lawsuit as an FTCA claim.

HUD came to own the property as part of its One-to-Four Family Home Mortgage Insurance Program, as authorized by Section 233(b) of the National Housing Act, 12 U.S.C. § 1709(b), which is implemented by regulations at 24 C.F.R. Part 203. As part of this program, the Federal Housing Authority (FHA) insures mortgages made by qualified lenders to people purchasing or refinancing a primary residence. In the event of default of an FHA loan, if the lender acquires the property, it files a claim with HUD for insurance benefits and conveys the property to HUD. 12 U.S.C. § 1710; 24 C.F.R. Part 203. The Secretary of HUD is authorized to dispose of the properties through the Single Family Property Disposition Program. See 24 C.F.R. Part 291; Declaration of Michael Curry, ECF No. 12-2.

HUD has outsourced its disposition of single-family homes to private sector contractors under its Management and Marketing Program. Curry Decl., ECF No. 12-2 ¶ 5. Through this program, HUD contracts with Mortgage Compliance Managers (MCMs), Field Service Managers (FSMs), and Asset Managers (AMs) to perform marketing and maintenance functions. Id. ¶ 6. Together, these managers are responsible for ensuring compliance with HUD's conveyancing standards related to title, occupancy, property condition, property maintenance and preservation, inspecting and securing the property, performing cosmetic enhancements or repairs, providing ongoing maintenance, and marketing and selling the properties. Id.

BLM Companies, Inc., (BLM) is an FSM for properties in an area which includes the property where Wynkoop was injured. See Ex. 2, Att. A to Curry Decl., ECF No. 12-2 at 4-156. The contract between HUD and BLM sets out BLM's responsibilities with regard to HUD-owned properties in its territory, and generally includes maintenance and repairs. See

Mot. to Dism., ECF No. 12 at 4-6 and Contract, ECF No. 12-2. The contract specifies that BLM is responsible for keeping stairs and handrails secure and installed per local code. Contract at 26-27, ECF No. 12-2 at 29-30.

On July 18, 2016, title to the property at 1875 River Road was conveyed to HUD after the company holding the mortgage submitted an insurance claim. On July 21, 2016, HUD assigned the property to BLM for property maintenance and preservation services under its contract with BLM. See Ex. 2, Att. B to Curry Decl., ECF No. 12-2 at 148.

The government filed a motion to dismiss Wynkoop's lawsuit pursuant to Rule 12(b)(1) on May 26, 2020, asserting two defenses: (1) Wynkoop failed to exhaust his administrative remedies and (2) HUD contracted the property's maintenance to an independent contractor and the United States has not waived sovereign immunity for alleged negligence of independent contractors. HUD has since conceded that Wynkoop exhausted his administrative remedies, leaving only the issue of whether the court has jurisdiction to hear this claim under the FTCA.

## APPLICABLE LAW

**I. Rule 12(b)(1)**

The United States moves to dismiss pursuant to Fed.R.Civ.P. 12(b)(1), arguing that it is entitled to sovereign immunity and that this court is without jurisdiction to adjudicate Wynkoop's claim because sovereign immunity is jurisdictional in nature. Because the government is challenging jurisdiction under Rule 12(b)(1), Wynkoop bears the burden of persuasion of showing the court has jurisdiction. Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995) (citations omitted).

When a defendant argues that a claim fails to allege facts upon which subject matter jurisdiction can be based, all the facts alleged in the complaint are assumed to be true and the plaintiff is afforded the same procedural protection as he would receive under a Rule 12(b)(6) motion. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). When a defendant alleges that the jurisdictional allegations in a complaint are not true, a trial court may go beyond the allegations of the complaint and hold an evidentiary hearing to determine if there are facts to support the jurisdictional allegations. Id.

In this case, there does not appear to be a dispute regarding the jurisdictional facts. The only issue appears to be whether the government is liable for Wynkoop's injuries under the FTCA. If the United States is not liable for Wynkoop's injuries, the court lacks subject matter jurisdiction and the claims must be dismissed. Williams, 50 F.3d at 304 (citations omitted).

## II. Federal Tort Claims Act

Although the government typically is immune from suit, "the FTCA waives sovereign immunity when the federal government 'would be liable to the claimant in accordance with the law of the place where the act or omission occurred' for certain torts, such as negligence committed by federal employees acting within the scope of their employment.'" Tyree v. United States, 814 F.App'x 762, 765 (4th Cir. 2020) (quoting 28 U.S.C. § 1346(b)(1)). The United States asserts that the government's waiver of sovereign immunity for tort claims specifically excludes negligence or wrongful acts or omissions performed by independent contractors. A "Federal Agency" is defined in the FTCA as follows:

> As used in this chapter and sections 1346(b) and 2401(b) of this title, the term "Federal agency" includes the executive departments, the judicial and legislative branches, the military departments, independent establishments of the United

> States, and corporations primarily acting as instrumentalities or agencies of the United States, but does not include any contractor with the United States.

28 U.S.C. § 2671 (emphasis added). The government asserts that BLM is an independent contractor responsible for maintaining the premises of the property where Wynkoop was injured and as such, sovereign immunity is not waived. In Williams, the Fourth Circuit stated the following:

> By its express terms, the FTCA does not provide for liability of the United States for the acts or omissions of independent contractors. . . . Because the United States is not liable for the acts or omissions of independent contractors, sovereign immunity has not been waived; and the doctrine therefore operates to bar suits against the United States.

Williams, 50 F.3d at 305 (citing 28 U.S.C. § 2671 and Broussard v. United States, 989 F.2d 171, 177 (5th Cir. 1993) (per curiam)).

Wynkoop responds that he is not arguing that the United States is vicariously liable for the actions of an independent contractor, but rather that it is directly liable, because under Virginia law, a property owner's duty to maintain premises in a reasonably safe condition is a non-delegable duty. However, this argument was rejected by the Fourth Circuit in Berkman v. United States, 957 F.2d 108 (4th Cir. 1992). In that case, the plaintiff slipped on hydraulic fluid at Dulles International Airport and fell, injuring himself. He sued the Federal Aviation Administration (FAA) under the FTCA alleging negligence. His claim was dismissed after the district court concluded that the negligence, if any, was on the part of the independent contractor who cleaned and maintained the airport facilities. Id. at 110. Berkman appealed, arguing the duty to maintain the premises in a safe condition was not delegable under Virginia law and that the United States remained liable even if an independent contractor was negligent. Id.

The Fourth Circuit acknowledged that Virginia law, which is incorporated into the FTCA under 28 U.S.C.A. § 1346(b), might hold other property owners liable for injuries resulting from unsafe conditions on land because the duty to maintain property in a reasonably safe condition is nondelegable. Nevertheless, the court held that "the independent contractor exception to the waiver of sovereign immunity under the FTCA excludes liability based solely on the negligence of an independent contractor." Id. The court explained that the government can act only through people and the FTCA distinguishes between persons who are employees of the government and those who are contractors. Id. at 112 (citing 28 U.S.C. §§ 1346(b), 2671). "In waiving tort immunity, the federal government agrees to be fiscally responsible only when the tortious conduct is performed by government employees and not when performed by contractors." Id.

The court went on to find that the fact that an independent contractor may have been responsible for Berkman's fall did not relieve the government from liability because Berkman also alleged that the FAA failed to use reasonable care to make sure slippery substances were not left on the floor, apparently alluding to the fact that after Berkman fell, an inspection of a door showed that it was leaking hydraulic fluid onto a metal plate on which Berkman allegedly slipped. Id. Because the contract for maintenance did not require the maintenance company to inspect and maintain the door, the Fourth Circuit remanded the case to the district court to determine whether the FAA was negligent in its maintenance of the door or in its failure to close a gate to passenger use prior to Berkman's fall. Id.

In the instant case, Wynkoop alleges that the government was negligent in that it failed to keep the property where he fell in a reasonably safe condition, failed to properly maintain

6

the stairwell, failed to properly supervise agents and employees as they carried out their duties of inspecting to make sure the stairwell was safe, failed to warn invitees to the property of its dangerous condition, and failed to exercise reasonable care to correct the dangerous condition of the stairwell. ECF No. 1 at 3. However, it is undisputed that the government contracted with BLM to perform these duties and therefore, the government has not waived its sovereign immunity under the FTCA. Id. at 110; see also Redford v. United States, No. 19-cv-1152-LM, 2020 WL 4586794 (D. N.H. Aug. 10, 2020) (applying independent contractor exception to grant 12(b)(1) motion to dismiss where plaintiff slipped and fell at a HUD-owned property managed by a third party); and Ryan v. United States, 304 F.Supp.2d 678, 688 (D. Md. 2003) (applying independent contractor exception to dismiss FTCA claim when plaintiff was injured while working for government contractor at a naval facility).

      Wynkoop cites authority where courts have held that direct liability imposed for breach of a non-delegable duty does not fall under the independent contractor exception to the FTCA. However, all the cases he cites involved "inherently dangerous work." See, e.g., McCall v. United States Dept. of Energy, 914 F.2d 191, 195 (9th Cir. 1990) ("Montana . . . imposes a nondelegable duty upon project owners to ensure that contractors performing inherently dangerous work employ proper safety precautions. . . . Because of the limitations of the FTCA, the United States may be found to have breached this duty only when it fails 'to exercise reasonable care to see that the contractor abides by [the contractor's] responsibilities.'"); and Gardner v. United States, 780 F.2d 835, 838 (9th Cir. 1986) ("[U]nder California's nondelegable duty doctrine the United States is directly liable for its own negligence when it fails to ensure that an independent contractor takes adequate safety precautions and the work

7

to be performed involves special dangers."). Because Wynkoop has not alleged that maintenance of the HUD-owned property on which he was injured was inherently dangerous or involved special dangers, these cases do not support his argument that the government is directly liable for his injuries.

Wynkoop also cited Jamison v. United States, 491 F.Supp.2d 608 (W.D. La. 2007), for its holding that the FTCA did not bar action against the government for general premises liability. However, that case did not involve the action of an independent contractor. Rather, it addressed whether the government could be held liable for injuries caused when a visitor to a federal courthouse was injured when the chair he sat in was not put properly constructed and caused him to fall backward. Thus, Jamison provides no support for Wynkoop's argument regarding nondelegable duties.

Based on the foregoing, the court finds that the independent contractor exception to the FTCA applies in this case and therefore, the court does not have subject matter jurisdiction to hear Wynkoop's claim. Accordingly, the government's motion to dismiss is **GRANTED** and Wynkoop's cause of action is **DISMISSED** without prejudice for want of jurisdiction.

An appropriate order will be entered.

It is so **ORDERED**.

Entered:   December 23, 2020

Michael F. Urbanski
Chief United States District Judge